UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

# CIVIL MINUTES – GENERAL

| | |
|---|---|
| Case No. 2:24-cv-04213-SB-SSCx | Date: October 11, 2024 |
| Title Philip Markowitz v. Progressive Casualty Insurance Company, et al. | |

Present: The Honorable **Stephanie S. Christensen, U.S. Magistrate Judge**

| Teagan Snyder | n/a |
|---|---|
| Deputy Clerk | Court Reporter / Recorder |
| Attorneys Present for Plaintiffs:<br>None Present | Attorneys Present for Defendants:<br>None Present |

**Proceedings:** (IN CHAMBERS) **Order Denying Without Prejudice Joint Application for Entry of a Stipulated Protective Order (ECF 19)**

On October 10, 2024, Plaintiff Philip Markowitz and Defendant Progressive Casualty Insurance Company filed a joint application for entry of a stipulated protective order governing allegedly confidential information. (ECF 19.) The Court has reviewed the proposed stipulated protective order and has determined that, in its current form, it cannot be granted.

The proposed stipulated protective order includes the following statement:

> . . . in order to facilitate the exchange of information and documents which may be subject to limitations on disclosure due

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES – GENERAL

Case No.   2:24-cv-04213-SB-SSCx                          Date: October 11, 2024

Title    Philip Markowitz v. Progressive Casualty Insurance Company, et al.

> to federal laws, state laws, and privacy rights concerning the disclosure of confidential medical information and/or business, proprietary and/or trade secret information, which may be protected from disclosures by privileges such as trade secret protections, and/or which may be protected from disclosure on the grounds that the documents or information constitute confidential financial or other proprietary information, the parties stipulate as follows . . . .

(ECF 19 at 2.)

To the extent that the parties intended this to constitute the required good-cause statement, such generalized language is insufficient. *See Kamakana v. City and County of Honolulu*, 447 F.3d 1172, 1176 (9th Cir. 2006); *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1130 (9th Cir. 2003).

In any revised stipulated protective order submitted to the Court, the parties must include a statement demonstrating good cause for entry of a protective order pertaining to the documents or information described in the order. General statements about what "may" be contained in the production are not enough. The documents to be protected shall be specifically described and identified. The paragraph containing the statement of good cause should be preceded by the phrase: "GOOD CAUSE STATEMENT." The parties shall articulate, for each document or category of documents they seek to protect, the specific prejudice or harm that will result if no protective order is entered.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES – GENERAL

Case No.   2:24-cv-04213-SB-SSCx                    Date: October 11, 2024

Title      Philip Markowitz v. Progressive Casualty Insurance Company, et al.

    In sum, the joint request for approval of the stipulated protective order (ECF 19) is DENIED without prejudice to renewing the request. The parties may re-file a revised proposed stipulated protective order that cures the deficiencies set forth in this order.

**IT IS SO ORDERED.**

                                                                                                                                              :

Initials of Preparer   **ts**